**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION**

| | |
|---|---|
| MICHAEL HENNING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. |
| | ) |
| DEACONESS HOSPITAL, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.   NATURE OF THE CASE

1. This is an action brought by Plaintiff Michael Henning ("Henning"), by counsel, against Defendant, Deaconess Hospital, Inc. ("Defendant"), for its discriminatory actions towards him based on his age in violation of the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.*, for its discriminatory actions towards him based on his disability in violation of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*

### II.   PARTIES

2. Henning is a citizen of the United States, the State of Kentucky and, at all times relevant to this litigation, resided in Henderson County, Kentucky.

3. Defendant is a Domestic Non-Profit Corporation, which maintains offices and conducts operations within the Southern District of Indiana.

### III.   JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 42 U.S.C. § 12117; and 29 U.S.C. § 626.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A) and 29 U.S.C. § 630(b).

6. At all times relevant to this action, Henning was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and 29 U.S.C. § 630(f).

7. Henning is a "qualified individual with a disability" as defined by the ADA, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Henning's disability and/or Defendant regarded Henning as being disabled.

8. Henning exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission, claiming discrimination based on disability and age. Henning has received his Notice of his Right to Sue and timely files this action.

9. A substantial portion of the events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Henning, who is 62 years old, was hired by Defendant in or around March 2000. Henning held the position of Operations Manager at the time of his termination on or around April 29, 2021.

11. At all relevant times, Henning met or exceeded Defendant's legitimate performance expectations.

12. Henning is a "qualified individual with a disability" as defined by the ADA and Defendant knew and/or regarded Henning as being disabled and/or Henning has a record of being disabled.

13. On September 4, 2020, Defendant issued Henning a Work Improvement Plan that contained vague allegations of performance issues despite Henning never before been having any performance or disciplinary issues.

14. After Defendant issued the Work Improvement Plan, Henning was never offered an opportunity to discuss the alleged performance issues or to receive guidance on how to improve his performance.

15. On or around April 13, 2021, Henning was issued a warning notice for allegedly failing to discipline two of his subordinates, despite Henning being on vacation during the alleged time period.

16. In or around early April 2021, Henning was diagnosed with Nerve Damage affecting the right side of his neck and shoulder, causing severe and pervasive burning and painful sensations that substantially limit one or more major life activities.

17. On or around April 19, 2021, Henning reported his disability to Defendant via his immediate supervisor, John Martin, and described to Martin the ways in which his disability substantially limits his major life activities.

18. At no point did Defendant attempt to engage in the interactive process or provide accommodations for Henning.

19. Merely ten (10) days later, Defendant terminated Henning's employment for alleged performance issues.

20. Henning was replaced by Kay Schindler, who is in her 30s.

21. Defendant's stated reason for terminating Henning's employment is pretext for age and disability discrimination.

22. Younger, non-disabled employees in substantially similar positions have been treated more favorably.

## V. LEGAL ALLEGATIONS

### COUNT I – AGE DISCRIMINATION – ADEA

23. Henning hereby incorporates paragraphs one (1) through twenty-one (21) of his Complaint.

24. Defendant has willfully and intentionally, with malice and/or reckless disregard for Henning's rights, engaged in unlawful and discriminatory employment practices based on his age in violation of the ADEA.

25. Henning was discriminated against and discharged due to his age.

26. Henning has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II – DISABILITY DISCRIMINATION - ADA

27. Henning hereby incorporates paragraphs one (1) through twenty-five (25) of his Complaint.

28. Defendant violated Henning's rights by discriminating against him, failing to engage in the interactive process, failing to accommodate him, and terminating him due to his disabilities.

29. Defendant's actions were intentional, willful, and in reckless disregard of Henning's rights as protected by the ADA.

30. Henning has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Michael Henning, by counsel, respectfully requests that this Court find for Plaintiff and award him the following relief:

1. Reinstate Henning's employment to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Henning of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a consequence of Defendant's unlawful actions;

3. Liquidated damages for Defendant's violations of the ADEA;

4. Compensatory damages for Defendant's violations of the ADA;

5. Punitive damages for Defendant's violations of the ADA;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/Kyle F. Biesecker
Kyle F. Biesecker
Lauren E. Berger
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com
           lberger@bdlegal.com

*Attorneys for Plaintiff, Michael Henning*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Michael Henning, by counsel, requests a trial by jury on all issues deemed so triable.

        Respectfully submitted,

        */s/Kyle F. Biesecker*
        Kyle F. Biesecker
        Lauren E. Berger
        BIESECKER DUTKANYCH & MACER, LLC
        411 Main Street
        Evansville, IN 47708
        Telephone: (812) 424-1000
        Facsimile: (812) 424-1005
        Email: kfb@bdlegal.com
              lberger@bdlegal.com

*Attorneys for Plaintiff, Michael Henning*